IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SUSAN HENCKEL,

    Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY
AND GAYLORD/GOULD INSURANCE
AGENCY, INC.,

    Defendants.

05 MAR 18 PM 1:47

CLERK-ALBUQUERQUE

CIV - 05 - 0299 MV DJS

## NOTICE OF REMOVAL

COME NOW Defendants Allstate Insurance Company, and Gaylord/Gould Insurance Agency, Inc., by and through their undersigned attorneys Simone, Roberts & Weiss, P.A., by Stephen M. Simone and Alisa R. Wigley, and Jeffries, Rugge & Rosales, P.C. by Dale R. Rugge, for Allsate on the defense of the underinsured motorist claim and files their Notice of Removal and in support thereof would show the following:

    1.    Plaintiff commenced this lawsuit by filing her Complaint as Susan Henckel, vs. Allstate Insurance Company, and Gaylord/Gould Insurance Agency, Inc., in the Thirteenth Judicial District Court, County of Valencia, State of New Mexico, as Cause Number D1314 CV 05.178.

    2.    Plaintiff's lawsuit is a civil action which alleges that Allstate Insurance Company is liable to Plaintiff for underinsured motorist benefits. Plaintiff also alleges that Defendant Allstate Insurance Company has committed bad faith, and violated the Unfair Claims Practice Act. Plaintiff's only claim against the agency is that the agency failed to advise the Plaintiff that said Allstate policy allowed the insurer to withhold consent to arbitrate underinsured motorist claims when other policies of insurance were available that provided for mandatory arbitration of all underinsured motorist claims. True and correct copies of the documents filed and served by Plaintiff in this matter are attached hereto as a group as Exhibit

A.

3. Defendant Gaylord/Gould Insurance Agency, Inc., was served on or about February 23, 2005. Defendant Allstate Insurance Company was improperly served through an employee of Allstate, but the undersigned will accept service on behalf of Allstate and waive improper service, effective February 24, 2005.

4. Upon information and belief, the matters in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs. Specifically, Plaintiff has claimed underinsured motorist benefits of $275,000.00 remaining under the applicable policies, and in addition, Plaintiff has requested actual damages under N.M.S.A §59A-16-20, treble damages, punitive damages, and attorneys fees. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See, e.g., Laughlin v. Kmart Corp.*, 50 P.3d. 871, 873 (10th Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blakinship*, 20 F.3d 383, 386 (10th Cir. 1994). This calculation also includes attorneys fees. *See Miera v. Dairyland Ins. Co.*, No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996)(denying remand of removed action based on availability of attorney's fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act). *See also* 14A Wright & Miller, *Federal Practice and Procedure*, §3712, at 176-78, and authorities cited therein; *Foret v. Souther Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). The calculation also includes treble damage claims.

5. Allstate Insurance Company is a corporation created under the laws of the State of Illinois, with its principal place of business in Illinois.

6. Upon information and belief, Plaintiff is a resident of Valencia County, State of New

2

Mexico.

7.  There is diversity of citizenship between Plaintiff and Defendant Allstate Insurance Company pursuant to 28 U.S.C. §1332(a).  Upon information and belief, the agency, Gaylord/Gould Insurance Agency, Inc., was fraudulently joined as a Defendant solely for the purpose of attempting to defeat jurisdiction.  Defendant Gaylord/Gould Insurance Agency, Inc., only sells Allstate policies.  The claim against the agency, as set forth in the Complaint, states that the agency "failed to exercise ordinary care in selling Plaintiff the Allstate Insurance Policies, by failing to advise Plaintiff that said policies allow the insurer to withhold consent to arbitrate an underinsured motorist claim when other policies of insurance were available which provided for mandatory arbitration of all underinsured motorist claims".  There can be no liability against the agency as the agency only sells Allstate policies and the agent has no discretion in terms of the applicable language at issue.  Further, there is no duty under New Mexico law for an agent to sell a policy that provides for mandatory arbitration of all underinsured motorist claims.  *See McMillan v. Allstate Indemnity Company*, 135 N.M. 17, 84 P.3rd 65 (2004) and *Vigil v. Rio Grande Insurance Agency*, 124 N.M. 324, 950 P.2d 297 (Ct. App. 1997).  Therefore, the United States District Court for the District of New Mexico has original jurisdiction over this civil action pursuant to and within the meaning of 28 U.S.C. §1332, and this civil action may be and is properly removed to the United States District Court for the District of New Mexico, pursuant to and within the meaning of 28 U.S.C. §1441.

8.  In accordance with 28 U.S.C. §1446(a), copies of process, pleadings, and orders served upon Defendant in this action are attached hereto.

9.  A copy of Allstate Insurance Company's Notice of Filing of Removal, filed with the Thirteen Judicial District Court, County of Valencia, is attached hereto as Exhibit B.

WHEREFORE, Defendants give notice that this case is removed from the Thirteenth Judicial District Court, County of Valencia, State of New Mexico, to the United States District Court for the District of New Mexico.

SIMONE, ROBERTS & WEISS, P.A.
ATTORNEYS AT LAW

*(signed)* Stephen M. Simone

STEPHEN M. SIMONE
ALISA R. WIGLEY
8102 Menaul, NE
Albuquerque, NM 87110
(505) 298-9400
Attorneys for Defendants Allstate Insurance Company
on the defense of Bad Faith and Unfair Insurance
Practices Act and for Gaylord/Gould Insurance
Agency, Inc.

and

JEFFRIES, RUGGE, & ROSALES, P.C.

*(signed)* Stephen M. Simone for

DALE R. RUGGE
901 Rio Grande Blvd. N.W.
Suite G-250
Albuquerque, NM 87104-2057
(505) 243-3900
Attorneys for Defendant Allstate Insurance Company
on the Underinsured Motorist Claim

I hereby certify that I have mailed
a true and correct copy of the foregoing
to all interested parties as follows:

Pedro G. Rael, Esq.
Post Office Box 460
Los Lunas, NM 87031

this 18th day of March, 2005.

*(signed)* Stephen M. Simone

STEPHEN M. SIMONE

4

FILED IN MY OFFICE
DISTRICT COURT CLERK

05 MAR -1 PM 3:39

JAMIE GOLDBERG
BY:_____DEPUTY

NO. D1314 CV 05. 176

ENDORSED

THIRTEENTH JUDICIAL DISTRICT
COUNTY OF VALENCIA
STATE OF NEW MEXICO

SUSAN HENCKEL,

    Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,
AND GAYLORD/GOULD INSURANCE
AGENCY, INC.,

    Defendants.

## SUMMONS
### THE STATE OF NEW MEXICO

TO: ALLSTATE INSURANCE COMPANY
6565 Americas Parkway NE
Albuquerque, NM 87109

Defendant(s) Greetings:

This Summons notifies you that a **COMPLAINT TO RECOVER UNDERINSURED MOTORIST BENEFITS** has been filed against you. You are required to file an Answer to the complaint or a responsive motion, within 30 (thirty) days after the summons has been served on you. You must file the Answer or responsive motion with the Clerk of the District Court and you must serve a copy of the Answer or responsive motion on the opposing party.

IF YOU DO NOT FILE AN ANSWER OR RESPONSIVE MOTION WITHIN THE 30 THIRTY) DAY PERIOD, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER RELIEF DEMANDED IN THE COMPLAINT.

Address of District Court: Post Office Box 1089, Los Lunas, New Mexico 87031

Name and Address of Plaintiff's Attorneys: *RAEL AND SANCHEZ*, Attorneys at Law, Post Office Box 460, Los Lunas, New Mexico 87031.

WITNESS the Honorable **JOHN W. POPE, DIV. I**, District Judge of said Court of the State of New Mexico and the Seal of the District Court of said County, this FEB 1 5 2005 February, 2005.

CLERK OF THE DISTRICT COURT

By_____



EXHIBIT A

STATE OF NEW MEXICO  )
                     )ss.
COUNTY OF _____)

I certify that I serviced the within Summons in said county on the _____ day of _____, 2005, by delivering a copy thereof, with a copy of the **COMPLAINT TO RECOVER UNDERINSURED MOTORIST BENEFITS** in the following manner:

To Defendant _____ (used when Defendant receives copy of Summons, is read Summons or Complaint or refuses to receive Summons or hear reading.)

To _____, a person 15 years of age and residing at the usual place of abode of Defendant _____ (used if no person found at dwelling house or usual place of abode.)

By posting a copy of the Summons and Complaint, in the most public part of the premises of Dedendant _____ (used is no person dound at dwelling house or usual place of abode.)

To _Sheri Lujkens_, an agent authorized to receive service of process for Defendant _Allstate Ins._

To _____, _____
   Name of person
(used when Defendant is a corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision.)

_Regina Jones_
Signature of Private Citizen
Making Service

Subscribed and sworn to before
Me this 24th day of Jul., 2005

_March 16, 2007_
My Commission Expires:

Notary or Other Officer Authorized
To Administer Oaths

---

SHERIFF OF _____ COUNTY
State of New Mexico

_____
SHERIFF
BY:_____
    Deputy

_____           _____
My Commission Expires:           Notary or Other Officer Authorized
                                 To Administer Oaths

THIRTEENTH JUDICIAL DISTRICT
COUNTY OF VALENCIA
STATE OF NEW MEXICO

FILED IN MY OFFICE
DISTRICT COURT CLERK

05 MAR -1 PM 3:39

JAMIE GOLDBERG
BY:_____DEPUTY

SUSAN HENCKEL,

    Plaintiff,

vs.

D1314 CV NO 5. 178

ALLSTATE INSURANCE COMPANY,
AND GAYLORD/GOULD INSURANCE
AGENCY, INC.,

    Defendants.

## SUMMONS
## THE STATE OF NEW MEXICO

TO: GAYLORD/GOULD INSURANCE
3296 Coors Rd. NW #D
Albuquerque, NM 87120

Defendant(s) Greetings:

    This Summons notifies you that a **COMPLAINT TO RECOVER UNDERINSURED MOTORIST BENEFITS** has been filed against you. You are required to file an Answer to the complaint or a responsive motion, within 30 (thirty) days after the summons has been served on you. You must file the Answer or responsive motion with the Clerk of the District Court and you must serve a copy of the Answer or responsive motion on the opposing party.

    IF YOU DO NOT FILE AN ANSWER OR RESPONSIVE MOTION WITHIN THE 30 (THIRTY) DAY PERIOD, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER RELIEF DEMANDED IN THE COMPLAINT.

Address of District Court: Post Office Box 1089, Los Lunas, New Mexico 87031

Name and Address of Plaintiff's Attorneys: *RAEL AND SANCHEZ*, Attorneys at Law, Post Office Box 460, Los Lunas, New Mexico 87031 JOHN W. POPE, DIV. I

    WITNESS the Honorable _____, District Judge of said Court of the State of New Mexico and the Seal of the District Court of said County, this FEB 1 5 2005 day of February, 2005.

CLERK OF THE DISTRICT COURT

By _____

STATE OF NEW MEXICO )
                              )ss.
COUNTY OF Bernalillo )

I certify that I serviced the within Summons in said county on the 23rd day of Feb., 2005, by delivering a copy thereof, with a copy of the **COMPLAINT TO RECOVER UNDERINSURED MOTORIST BENEFITS** in the following manner:

To Defendant _____ (used when Defendant receives copy of Summons, is read Summons or Complaint or refuses to receive Summons or hear reading.)

To _____, a person 15 years of age and residing at the usual place of abode of Defendant _____ (used if no person found at dwelling house or usual place of abode.)

By posting a copy of the Summons and Complaint, in the most public part of the premises of Dedendant _____ (used is no person dound at dwelling house or usual place of abode.)

To Caralina Gonzales, an agent authorized to receive service of process for Defendant Baylad/Gould Ins.

To _____,
   Name of person
(used when Defendant is a corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision.)

_Regina Chavez_
Signature of Private Citizen
Making Service

Subscribed and sworn to before
Me this 23rd day of Feb. 2005.

March 16, 2007
My Commission Expires:

Notary or Other Officer Authorized
To Administer Oaths

SHERIFF OF _____ COUNTY
State of New Mexico

_____
SHERIFF
BY:_____
   Deputy

_____            _____
My Commission Expires:             Notary or Other Officer Authorized
                                   To Administer Oaths

THIRTEENTH JUDICIAL DISTRICT
COUNTY OF VALENCIA
STATE OF NEW MEXICO

05 FEB 15 AM 10: 05

SUSAN HENCKEL,

Plaintiff,

vs.                                                  No.

ALLSTATE INSURANCE COMPANY,           D1314 CV 05. 178
AND GAYLORD/GOULD INSURANCE
AGENCY, INC.,

Defendants.

## COMPLAINT TO RECOVER UNDERINSURED MOTORIST BENEFITS

Plaintiff, for her Complaint states:

1. Plaintiff Susan Henckel is a resident of Valencia County, State of New Mexico.

2. Defendant Allstate Insurance Company, is an out of state Corporation doing business in New Mexico; Defendant Gaylord/Gould Insurance Agency, Inc. is a New Mexico Corporation, with its principal place of business in Albuquerque, Bernalillo County, New Mexico.

3. Plaintiff Susan Henckel purchased and had purchased on her behalf, Insurance Contracts with Defendant Allstate, said insurance was purchased from Defendant Gaylord/Gould Insurance Agency. These insurance contracts provided for underinsured automobile insurance coverage on three separate vehicles. Each vehicle was covered for $100,000/300,000 in underinsured motorist personal injury benefits.

4. The Insurance Contracts provided that Defendant Allstate would provide Plaintiff underinsured motorist benefits on these three separate vehicles on October 16, 2002.

5. On or about October 16, 2002, Plaintiff was involved in an automobile accident with an underinsured motorist.

6. Plaintiff has demanded coverage from Defendant for the stacked underinsured motorist benefits under the above insurance agreement, and Plaintiff has demanded arbitration of her claims.

7. Defendant has agreed that there is stacked coverage on the three automobiles totaling $300,000 for this accident, but Defendant has declined arbitration without providing any explanation.

8. Defendant's failure to consent to arbitrate the claims after demand for arbitration was made by Plaintiff constitutes a breach of the Defendant's implied covenant of good faith and fair dealing under Defendant's contractual obligations under the underinsured motorist policies.

9. Plaintiff has suffered actual and consequential damages as a direct result of Defendant's breach of contract.

10. Plaintiff has been required to employ an attorney in bringing this suit and Plaintiff is entitled to recover her reasonable attorney fees and costs pursuant to NMSA Section 39-2-1.

11. Defendant has acted wrongfully and unreasonably in failing to timely arbitrate this matter, in rejecting a reasonable settlement offer within the stacked policy limits, and in failing to conduct a timely and fair investigation and evaluation the claims, and in failing to make any timely and fair offers to settle the claim.

12. Defendant has breached its duty of good faith and fair dealing with Plaintiff entitling Plaintiff to recover her actual damages and punitive damages.

13. Defendant's conduct constitutes a violation or violations of the New Mexico Unfair Insurance Practices act NMSA Section 59A-16-20 entitling Plaintiff to recover her actual damages, treble damages, punitive damages and attorney fees.

14. Defendant Gaylord/Gould Insurance Agency failed to exercise ordinary care in selling Plaintiff the Allstate Insurance policies, by failing to advise Plaintiff that said policies allowed the insurer to withhold consent to arbitrate an underinsured motorist claim when other policies of insurance were available which provided for mandatory arbitration of all underinsured motorist claims.

15. Plaintiff has suffered actual and consequential damages as a direct result of Defendant Gaylord/Gould's negligence in failing to advise Plaintiff on the available dispute resolution options available in different policies of insurance.

16. On October 16, 2002, an underinsured motorist, in a negligent, negligent per se, careless, or reckless manner, struck Plaintiff's vehicle.

17. The underinsured motorists' actions were negligent, careless, or reckless and were the proximate and direct result of the injuries and damages complained of hereinafter.

18. As a proximate and direct result of the actions of the underinsured motorist, Plaintiff suffered medical expenses, past and future disability and lost earnings and earning capacity, past and future lost household services, permanent impairment of function, pain and suffering, and loss of the enjoyment of life.

19. Plaintiff is entitled to recover from Defendant Allstate Insurance Company all damages and losses that Plaintiff would have been entitled to recover from the underinsured motorist.

20. Plaintiff requests that prejudgment interest be awarded in the event that the facts show that there were no reasonable and diligently made offers by the Defendants or that there was delay caused by the Defendants or Defendants' attorneys.

WHEREFORE, Plaintiff requests the Court to award Plaintiff her actual damages, punitive damages, treble damages, attorney fees and costs, and such other relief as the Court deems just.

                                        **RAEL & SANCHEZ,**
                                        **Trial Lawyers**

                                        */s/ Pedro G. Rael*

**PEDRO G. RAEL**
PO Box 460
Los Lunas, NM 87031
(505)865-6811
Attorneys for Plaintiff

THIRTEENTH JUDICIAL DISTRICT
COUNTY OF VALENCIA
STATE OF NEW MEXICO

SUSAN HENCKEL,

   Plaintiff,

vs.                                                        D1314CV 05-176

ALLSTATE INSURANCE COMPANY
AND GAYLORD/GOULD INSURANCE
AGENCY, INC.,

   Defendants.



## NOTICE OF FILING OF REMOVAL

COMES NOW the Defendants, Allstate Insurance Company, and Gaylord/Gould Insurance Agency, Inc., by and through their undersigned attorneys, Simone, Roberts & Weiss, P.A., by Stephen M. Simone and Alisa R. Wigley, and Jeffries, Rugge & Rosales, P.C., by Dale R. Rugge and hereby give notice that the Defendants have filed a Notice of Removal in the United States District Court for the District of New Mexico this 18th day of March, 2005.

Respectfully submitted,

SIMONE, ROBERTS & WEISS, P.A.
ATTORNEYS AT LAW

/S/ STEPHEN M. SIMONE

---

STEPHEN M. SIMONE
ALISA R. WIGLEY
8102 Menaul, NE
Albuquerque, NM 87110
(505) 298-9400
Attorneys for Defendants Allstate Insurance Company
on the defense of Bad Faith and Unfair Insurance
Practices Act and for Gaylord/Gould Insurance
Agency, Inc.



and
JEFFRIES, RUGGE, & ROSALES, P.C.

_____
DALE R. RUGGE
901 Rio Grande Blvd. N.W.
Suite G-250
Albuquerque, NM 87104-2057
(505) 243-3900
Attorneys for Defendant Allstate Insurance Company
on the Underinsured Motorist Claim

I hereby certify that I have mailed
a true and correct copy of the foregoing
to all interested parties as follows:

Pedro G. Rael, Esq.
Post Office Box 460
Los Lunas, NM 87031

this 18th   day of March, 2005.

_____
STEPHEN M. SIMONE